AUGUSTA SCHUTTE

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

GOVERNMENTAL FUNCTION—*when State not liable.* The State in managing and conducting the Chicago State Hospital for the Insane at Chicago exercises a governmental function and is not liable for injuries sustained by its inmates or employees. (*North* v. *State, Supra,* followed.)

COURT OF CLAIMS—*exercises equitable jurisdiction as a Court of Conscience.* Under the Act of 1917 the Court of Claims is given a broad and liberal jurisdiction as a court of conscience.

Edward J. Brundage, Attorney General, for State.

The claimant, Augusta Schutte, brings this suit for loss of the use of her right arm and right hand, caused by a vicious attack upon her by one of the male inmates of the "Chicago State Hospital," a State institution, used for the care and treatment of the insane and diseased persons, at which time, she was an employe of the State, as an attendant in said institution.

The evidence is brief, clear and not disputed, but on the contrary, is admitted by the State.

The facts in the case seem clearly set out in the declaration and in the amendment to the declaration.

About the 6th day of April, A. D. 1920, the claimant, who is shown to be a widow about 50 years of age, and lived with her mother, who was 83 years old, and contributed to her support. She was without means of support in life, and became an employee of the State at a salary of $125.00 per month, which included her living expenses of $60.00 per month.

While engaged in her duties in said institution, and without fault on her part, and while exercising ordinary care and caution for her safety, she was viciously set upon by one, Peter Noviskie, one of the inmates and crushed to the floor. In her frantic efforts to extricate herself from the attack of the madman, she became unconscious. On awakening, she discovered she was on a bed, and being cared for by certain other inmates of the institution, who were less viciously inclined than the said Peter.

Her condition was serious, and in a few days, the physician was called in, who made ex-rays of the shoulder and arm. He did not discover anything wrong with the shoulder joint; but did discover a torn or lacerated ligament of the arm. In his testimony, he says the muscles of the right hand and arm are completely atrophied, and that the effect of the injury is a complete loss of the use of the right hand and arm.

The claimant testifies to about same condition of her arm and shoulder, and in this, she is supported by the evidence of others.

The claimant claims for full compensation under the "Workmens' Compensation Act." The facts are admitted by the State, and a general demurrer filed by the Attorney General. The evidence all being before the Court, the demurrer will be disposed of in the opinion of the Court.

The State of Illinois, in conducting the Chicago State Hospital for the Insane is exercising a governmental function, and is not liable under the law for the death or injuries of its inmates or its employees. The doctrine of *respondeat superior* does not apply to the State. In support of this contention, the Attorney General cites the following cases: *Hedges* v.*County of Madison,* 1 Gil. 567; *Town of Waltham* v. *Kemper,* 55 Ill. 348;*Hollenbeck* v.*Winnebago County,* 95, Ill. 148 and 516, and others; and we may cite the case of *North* v. *The State University,* and many other similar cases holding to and announcing this doctrine.

But in view of the fact that the Act of 1917, creating the Court of Claims, and giving it very broad and liberal equitable jurisdiction as a Court of Conscience, apparently intended to give the Court the right to adjust such cases as the one at bar; and in view of the fact that the claimant is growing old, and is poor, with no means of support for herself and her aged mother, we recommend an award to claimant in gross in the sum of $2,500.00 and would recommend an appropriation for the same.